Mario Suchil
(Name)
Cal Correctional Institution
(Address)
P.O. Box 608 Level 2 dorm3 bed 3UP
Tehachapi, Cal 93581
(City, State, Zip)
F 96910
(CDC Inmate No.)

FILED

JUL - 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILING FEE PAID
Yes ____ No ✓

IFP MOTION FILED
Yes ____ No ✓

COPIES SENT TO
Court ____ Pro Se

# United States District Court
## Southern District of California

Mario Suchil
(Enter full name of plaintiff in this action.)

Plaintiff,

v.

detectives department in L.A.P.D
Los Angeles Court criminal
Sheriff's department in L.A man County Jail
o.s.J department in L.A man County Jail
(Enter full name of each defendant in this action.)

Defendant(s).

'08 CV 1232 J WMC

Civil Case No._____
(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

mailing address in Chihuahua Mexico.
(f) calle 22 #772 colonia San antonio MeoQui Chihuahua Mexico 33130

## B. Parties

1. **Plaintiff:** This complaint alleges that the civil rights of Plaintiff, Mario Suchil,
(print Plaintiff's name)
Mario Suchil, who presently resides at 227 W 45 st
(mailing address or place of confinement)
Los Angeles california 90037, were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at Way Side
on L.A man County Jail Facilities on (dates) 6-07-07, 6-08-07, and 7-20-07.
(institution/place where violation occurred)     (Count 1)     (Count 2)     (Count 3)

an 8-11-07
count 4

§ 1983 SD Form
(Rev. 4/06)

③

2. Defendants:

Defendants: newtonw station ; resides in Central on LuterKing
and is employed as a L.A.P.D. detectives department : this defendant is
sued in: his/her ☒ individual ☒ official capacity:
Explain how this defendant was acting under color of Law:
Stats. 1990, C.1353. (A.B. 295), 1.
OPerative in July 1, 1991:


3. Defendants: the Judge's resides in temple on broadway:
and is employed as a the Court criminal in L.A.
this defendant is sued in his/her ☒ individual ☒ official capacity
Explain how this defendant was acting under color of Law:
added by Stats. 1941. C.106; P. 1120.15.
(Amendded by stats. 1968. C. 936, P. 1787, 1:
stats. 1978. C 837, P. 2640, 1, eff. sept. 18, 1978;
statas, 1982, C 919, P. 3359. 1; stats. 1985


4. Defendants: Sheriff Lee Baca LosAngeles County Sheriff:
resides in L.A. County.
and is employed as a L.A. man County Jail. this defendant is
sued in. his/her ☒ individual ☒ official capacity.
Explain how this defendant was acting under color of Law:
(Added by stats. 1941. C.106. P. 1120. §15.

Defendants: Operation Safety Jail: resides in L.A. County Jail.
and is employed as a L.A. man County Jail:
this defendant is sued in his/her ☒ individual ☒ Official capacity.
Explain how this defendant was acting Under Color of Law:
(added by Stats. 1941, c. 106, p. 1122 §15.

Plaintiff: the had the board of supervisors in
L.A. County. on this matter.

(Added by Stats. 1997, c. 468 (A.B.500), §1.)

④

C.   Causes of action:

Count 1 : the following civil rights have been violated by:
detectives department in newton station in L.A.P.D.
(E.g. right to medical care, access to courts, due process, free speech, freedom of religion,

failed to Put me in Protective from march to august in 2007
Freedom of association, freedom from cruel and unusual punishmet, etc.)

Supporting Facts: an feb 18-2007 I was victim and witness for a
carjacking from mafia gang member in L.A. County an I felt
force to testify by the detectives from newton station
in L.A.P.D. whent I was in criminal court about the
carjacking gang member. detectives made in court
criminal a Promise to me an my wife to Protect us
but they detectives failed to do that.

I was arrested in march 18-2007 about the suppose
charge 245 P.C. an I'am was concern to be in main Line in
L.A. man County Jail. so my wife called to detectives
in newton station in L.A.P.D. to remind the Promise they
made before I come to L.A. man County Jail. so no matter
what my wife said to detectives they still no believe I need
safekeeping in L.A. man County Jail. but never receive from
detectives that Promise an my and family. so the detectives
are resPonsible for supporting threat's and beating's an
other attempt's an Hand's the Prisoner's gang's member
in Jail. so for all suffering I had emotional mental
an Physical and I'am still in recovery.

C.    Causes of action:

Count 2: the following civil rights have been violated by:
the Judge's in the Court criminal L.A. County.
(E.g. right to medical care, access to courts, due process, free speech, freedom of religion,
\
Failed to Put in 48 hr. Protective Custody. since march 18
freedom of association, freedom from cruel and unusual punishmet, etc.)
2007 on when I was beat up in July 20-2007.
Supporting facts: on the month of march 2007. I was in
L.A. Criminal court about the suppose charge 245 P.C.
an the Judge of criminal court failed to refer me to
L.A. county Jail to Put me in 48hr. of initial order in
Protective Custody. becouse for no by in there.
I had 1 threat in way side facilitie an 2 beating in L.A.
county Jail and other intent's.

on the month of July 20-2007. I appeared in criminal court.
all beat up on my attorney told to the Judge about that
in court. so the is responsible.
becouse I still continuously supporting threat's
from the Prisoner's gang's member's in L.A.
county Jail. so for all I had suffer Physical
and emotional mental damage's an I'am
still in recovery.

C.   Causes of action:

Count 4 : the following civil rights have been violated by:
the department O-S-J in L.A. county jail.
(E.g.: right to medical care, access to courts, due process, free speech, freedom of religion,

Failed  to  Put me in Protective  custody
Freedom of association, freedom from cruel and unusual Punishmet, etc.)
From  July  to august  in 2007.
SoPPorting facts: why the O-S-J. is responsible about me becouse
when I got beat uP in court Line in July 20-2007.
the dePuty in jail. sent me to 3300 Floor belonging to O-S-J.
" and "
the dePuty moved me from 3300 Floor to main Line when I had
a threat's and beating in other's intent's. From Prisoner's
gang's member's that is the reason is resPonsible.

when I was in main Line the dePuty Zalasar call and I talk
with Him why  you   after 3 month's you Put in danger my
Life. so the recommend me to see again the O-S-J.
but when I got there the official's from O-S-J Laugh about
my so I'am felt degraded my right's. so still send back to main Line
when I have suffering. and while the O-S-J. call me again.
an when got there I'am see a detective is sPanish so I exPlain
about my situation and the immediately moved me to Protective
custody, an when I was there the O-S-J. still tried an twice
to Put me back in main Line. and after while I was sentense
an tranferred to recePtion in Lancaster in 12-11-07.
one month after I'am receiPt a Letter from county jail
from O-S-J. I qualified to be in S-n-y.

C.   Causes of action:

1

2  Count 3: the following civil rights have been violated by:
3  the sheriff's in L.A. County Jail.
   (E.g., right to medical care, access to courts, Due Process, Free speech, freedom of religion,

4

5  Failed to Put in Protective custody From
   Freedom of association, freedom from cruel and unusual punishmet, etc.)
6  march to august in 2007.
7  Supporting facts: when I enter in county Jail L.A.
8  the clerk Failed to certify and designate me safe Keeping.

9

10  Why the sheriff's in Jail For 6 month's Put my Life in
11  Jeopardy.
12  becouse in June 07-2007, when I was in way side facility,
13  about 10:am a female came to visit me and she had
14  message from Israel well actualy I have threat.
15  so she told me about if I'am continue testify against
16  to Israel an 211 P.C. I was going to suffer a great
17  body injuries, an inmediatly told to the deputy in charge
18  an the visiting room about that threat I had, and
19  he told me that Person that could Help me is deputy
20  Zalasar becouse the by gang related issues, an the sent
21  me back to my dorm 612, an also I explain the situation to
22  deputy in charge an I told I feared for my Life, and also
23  I left report, I was tranfer to county Jail in L.A.
24  an when I was in there I got my First beaten an other
25  beaten in July an other's attempt's, an after 3 month's
   deputy Zalasar recommende me to see O-S-J-. an for all
   time I have emotional mental an physical damages.
   an I'am still in recovery.

## D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____
Defendants: _____ none _____

(b) Name of the court and docket number: _____

_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____

(d) Issues raised: _____

_____

_____ none _____

_____

(e) Approximate date case was filed: _____

(f) Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

_____

_____

_____

_____ none _____

_____

_____

_____

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

 1. An injunction preventing defendant(s): by department the sheriff's in L.A. County man Jail. an department the detectives in L.A.P. Dinnewton. Department of O-S-I in L.A. County Jail man's. Criminal court in L.A. County.

 2. Damages in the sum of $ one Million an a half dollar's.

 3. Punitive damages in the sum of $ tree Million dollar's.

 4. Other: one Million dollar's. For Putting my family in danger.

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☐ Jury ☒ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

July 3-2008
Date

Mario Suchil
Signature of Plaintiff

When there are reasonable grounds to believe that there is a prisoner in a county jail who is likely to be a threat to other persons in the facility or who is likely to cause substantial damage to the facility, the judge of the superior court may, on the request of the county sheriff and with the consent of the Director of Corrections, designate by written order the nearest state prison or correctional facility which would be able to secure confinement of the prisoner, subject to space available. The written order of the judge must be filed with the clerk of the court. The court shall immediately calendar the matter for a hearing to determine whether the order shall continue or be rescinded. The hearing shall be held within 48 hours of the initial order or the next judicial day, whichever occurs later. The prisoner shall be entitled to be present at the hearing and to be represented by counsel. The court may modify or vacate that order at any time. The rate of compensation for the prisoner's confinement within a California state prison or correctional facility shall be established by the Department of Corrections and shall be charged against the county making the request. *(Added by Stats.1941, c. 106, p. 1120, § 15. Amended by Stats.1968, c. 936, p. 1787, § 1; Stats.1978, c. 837, p. 2640, § 1, eff. Sept. 18, 1978; Stats.1982, c. 919, p. 3359, § 1; Stats.1985, c. 430, § 1; Stats.1990, c. 1353 (A.B.2952), § 1, operative July 1, 1991; Stats.2002, c. 784 (S.B.1316), § 562.)*

**Law Revision Commission Comments**

Section 4007 is amended to reflect elimination of the county clerk's role as ex officio clerk of the superior court. See former Gov't Code § 26800 (county clerk acting as clerk of superior court). The powers, duties, and responsibilities formerly exercised by the county clerk as ex officio clerk of the court are delegated to the court administrative or executive officer, and the county clerk is relieved of those powers, duties, and responsibilities. See Gov't Code §§ 69840 (powers, duties, and responsibilities of clerk of court and deputy clerk of court), 71620 (trial court personnel). [32 Cal.L.Rev.Comm. Reports 507 (2002)].

**Cross References**

Agreement for commitment to jail of another county, see Penal Code § 4115.5.
Attorney general, see Const. Art. 5, § 13.
Department of corrections, see Penal Code § 5000 et seq.
Director of corrections, see Penal Code § 5050 et seq.
Escapes,
  Generally, see Penal Code § 4530 et seq.
  Hospitalized misdemeanant, see Penal Code § 4011.7.
  Permitting, punishment, see Penal Code § 4533.
Joint county jails, see Penal Code § 4050 et seq.
Medical facility, see Penal Code § 6100 et seq.
Rescues, see Penal Code § 4550.
Sheriff, see Government Code § 26600 et seq.
State prisons, see Penal Code § 2000 et seq.
Wardens, see Penal Code § 2078 et seq.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

## § 4008. Use of jail of contiguous county; receipt of prisoners; duties of sheriff

A copy of the appointment, certified by the clerk of the court, must be served on the sheriff or keeper of the jail designated, who must receive into the jail all prisoners authorized to be confined therein, pursuant to Section 4007, and who is responsible for the safekeeping of the persons so committed, in the same manner and to the same extent as if the sheriff or keeper of the jail were sheriff of the county for whose use the jail is designated, and with respect to the persons so committed the sheriff or keeper of the jail is deemed the sheriff of the county from which they were removed. *(Added by Stats.1941, c. 106, p. 1120, § 15. Amended by Stats.2002, c. 784 (S.B.1316), § 563.)*

**Law Revision Commission Comments**

Section 4008 is amended to reflect elimination of the county clerk's role as ex officio clerk of the superior court. See former Gov't Code § 26800 (county clerk acting as clerk of superior court). The powers, duties, and responsibilities formerly exercised by the county clerk as ex officio clerk of

the court are delegated to the court administrative or executive officer, and the county clerk is relieved of those powers, duties, and responsibilities. See Gov't Code §§ 69840 (powers, duties, and responsibilities of clerk of court and deputy clerk of court), 71620 (trial court personnel). [32 Cal.L.Rev.Comm. Reports 509 (2002)].

**Cross References**

Inspection by advisory committee for adult detention facilities, see Penal Code § 4015.
Receipt of persons committed, see Penal Code §§ 4015, 4016.
Refusal to receive person accused of crime, penalty, see Penal Code § 142.
Sheriff, see Government Code § 26600 et seq.

## § 4009. Use of jail in contiguous county; revocation of order

When a jail is erected in a county for the use of which the designation was made, or its jail is rendered fit and safe for the confinement of prisoners, the judge of the superior court of that county must, by a written revocation, filed with the clerk of the court, declare that the necessity for the designation has ceased, and that it is revoked. *(Added by Stats.1941, c. 106, p. 1120, § 15. Amended by Stats.2002, c. 784 (S.B.1316), § 564.)*

**Law Revision Commission Comments**

Section 4009 is amended to reflect elimination of the county clerk's role as ex officio clerk of the superior court. See former Gov't Code § 26800 (county clerk acting as clerk of superior court). The powers, duties, and responsibilities formerly exercised by the county clerk as ex officio clerk of the court are delegated to the court administrative or executive officer, and the county clerk is relieved of those powers, duties, and responsibilities. See Gov't Code §§ 69840 (powers, duties, and responsibilities of clerk of court and deputy clerk of court), 71620 (trial court personnel). [32 Cal.L.Rev.Comm. Reports 510 (2002)].

## § 4010. Use of jail in contiguous county; revocation of order; removal of prisoners to proper jail

The clerk of the court must immediately serve a copy of the revocation upon the sheriff of the county, who must thereupon remove the prisoners to the jail of the county from which the removal was had. *(Added by Stats.2002, c. 106, p. 1120, § 15. Amended by Stats.2002, c. 784 (S.B.1316), § 565.)*

**Law Revision Commission Comments**

Section 4010 is amended to reflect elimination of the county clerk's role as ex officio clerk of the superior court. See former Gov't Code § 26800 (county clerk acting as clerk of superior court). The powers, duties, and responsibilities formerly exercised by the county clerk as ex officio clerk of the court are delegated to the court administrative or executive officer, and the county clerk is relieved of those powers, duties, and responsibilities. See Gov't Code §§ 69840 (powers, duties, and responsibilities of clerk of court and deputy clerk of court), 71620 (trial court personnel). [32 Cal.L.Rev.Comm. Reports 510 (2002)].

## § 4011. Removal of prisoners for hospitalization; guards; costs

(a) When it is made to appear to any judge by affidavit of the sheriff or other official in charge of county correctional facilities or district attorney and oral testimony that a prisoner confined in any city or county jail within the jurisdiction of the court requires medical or surgical treatment necessitating hospitalization, which treatment cannot be furnished or supplied at such city or county jail, the court in its discretion may order the removal of such person or persons from such city or county jail to the county hospital in such county; provided, if there is no county hospital in such county, then to any hospital designated by such court; and it shall be the duty of the sheriff or other official in charge of county correctional facilities to maintain the necessary guards, who may be private security guards, for the safekeeping of such prisoner, the expense of which shall be a charge against the county.

(b) The cost of such medical services and such hospital care and treatment shall be charged against the county subject to subdivisions (c) and (d), in the case of a prisoner in or taken

Refusal to receive person accused of crime, penalty, see Penal Code § 142.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.
3 Witkin Cal. Crim. L. 3d Punishment § 19, (S 19) Temporary Release.

**§ 4004.5.  City facilities; prisoners held for examination or during trial; prisoners transferred from county jails due to crowded conditions**

(a) A city may furnish facilities to be used for holding prisoners held for examination or during trial without cost to the county or upon such terms as may be agreed upon by the governing body of the city and the board of supervisors, and the marshal may keep the prisoners in their custody in the city jail.

(b) A city may furnish facilities to be used for holding persons convicted of a public offense who have been transferred from the county jail by the sheriff due to crowded conditions upon those terms as may be agreed upon by the governing body of the city and the board of supervisors. The agreed terms may indicate that the facilities are to be provided free of charge to the county. (Added by Stats.1953, c. 1762, p. 3520, § 1.  Amended by Stats.1984, c. 388, § 2;  Stats.1996, c. 872 (A.B.3472), § 123.)

**Cross References**

County jail confinement as authorizing city jail confinement in certain cases, see Penal Code § 4022.

**§ 4005.  Prisoners of United States**

(a) Except as provided in subdivision (b), the sheriff shall receive, and keep in the county jail, any prisoner committed thereto by process or order issued under the authority of the United States, until he or she is discharged according to law, as if he or she had been committed under process issued under the authority of this state; provision being made by the United States for the support of the prisoner.

(b) The sheriff shall receive, and keep in the county jail, any prisoner committed thereto by process or order issued under the authority of the United States, until he or she is discharged according to law, as if he or she had been committed under process issued under the authority of this state, but only if the sheriff determines that adequate space in appropriate detention areas currently exists for this purpose.  Provision shall be made by the United States for the support of the prisoner.  This subdivision shall apply only in counties where a facility operated by the United States Bureau of Prisons exists within 200 miles of the county seat. (Added by Stats.1941, c. 106, p. 1120, § 15. Amended by Stats.1980, c. 47, § 1;  Stats.1982, c. 2, § 1, eff. Jan. 20, 1982;  Stats.1986, c. 523, § 1, eff. July 24, 1986.)

**Cross References**

Jails, purposes, see Penal Code § 4000.
Receipt of persons committed, see Penal Code §§ 4015, 4016.
Refusal by sheriff to accept prisoner, punishment for, see Penal Code § 142.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4006.  Prisoners of United States; safekeeping**

A sheriff, to whose custody a prisoner is committed as provided in the last section, is answerable for his safekeeping in the courts of the United States, according to the laws thereof. (Added by Stats.1941, c. 106, p. 1120, § 15.)

**Cross References**

Escapes,
    Generally, see Penal Code § 4530 et seq.
    Hospitalized misdemeanant, see Penal Code § 4011.7.
Jails, purposes, see Penal Code § 4000.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4006.5.  County or city contracts with federal government for operation of federal prisons**

(a) Notwithstanding any other provision of law, a county board of supervisors or city council may enter into a contract with the federal government, or any department or agency thereof, to manage, control, and operate a federal prison located within the boundaries of that county or city.

(b) If a city or county enters into a contract pursuant to subdivision (a), the sheriff or chief of police, as appropriate, shall have sole and exclusive authority to keep the prison and the prisoners in it.

(c) If a city or county enters into a contract pursuant to subdivision (a), the employees working in the prison shall be employees of, and under the authority of, the sheriff or chief of police, as appropriate.  (Added by Stats.1997, c. 468 (A.B.500), § 1.)

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4007.  Use of jail in contiguous county; transfer of prisoner to state prison; grounds; notification of director of corrections; hearing; order**

When there is no jail in the county, or when the jail becomes unfit or unsafe for the confinement of prisoners, the judge of the superior court may, by a written order filed with the clerk of the court, designate the jail of a contiguous county for the confinement of any prisoner of his or her county, and may at any time modify or vacate the order.

When there are reasonable grounds to believe that a prisoner may be forcibly removed from a county jail, the sheriff may remove the prisoner to any California state prison for safekeeping and it is the duty of the warden of the prison to accept and detain the prisoner in his or her custody until his or her removal is ordered by the superior court of the county from which he or she was delivered.  Immediately upon receiving the prisoner the warden shall advise the Director of Corrections of that fact in writing.

When a county prisoner requires medical treatment necessitating hospitalization which cannot be provided at the county jail or county hospital because of lack of adequate detention facilities, and when the prisoner also presents a serious custodial problem because of his or her past or present behavior, the judge of the superior court may, on the request of the county sheriff and with the consent of the Director of Corrections, designate by written order the nearest state prison or correctional facility which would be able to provide the necessary medical treatment and secure confinement of the prisoner. The written order of the judge shall be filed with the clerk of the court.  The court shall immediately calendar the matter for a hearing to determine whether the order shall continue or be rescinded.  The hearing shall be held within 48 hours of the initial order or the next judicial day, whichever occurs later.  The prisoner shall not be transferred to the state prison or correctional facility prior to the hearing, except upon a determination by the physician responsible for the prisoner's health care that a medical emergency exists which requires the transfer of the prisoner to the state prison or correctional facility prior to the hearing. The prisoner shall be entitled to be present at the hearing and to be represented by counsel.  The prisoner may waive his or her right to this hearing in writing at any time.  If the prisoner waives his or her right to the hearing, the county sheriff shall notify the prisoner's attorney of the transfer within 48 hours, or the next business day, whichever is later.  The court may modify or vacate the order at any time.

The rate of compensation for the prisoner's medical treatment and confinement within a California state prison or correctional facility shall be established by the Department of Corrections, and shall be charged against the county making the request.

PERIODICALS

USPS 1000 Approved for

# West's
# FEDERAL
# REPORTER

*Anderson v. State, 2008 WL 4423 (Minn.App.) (Opinion by Judge Hx...*

—Prisons

A county sheriff was an officer of a county, to whom Eleventh Amendment immunity from suit against state officials did not apply. Consequently, the sheriff could be sued under § 1983 by the estate of a county jail inmate, whose rights under the Fourth, Fifth, Eighth and Fourteenth Amendments were allegedly violated when he was denied access to an asthma inhaler, causing his death. The Court declined to follow the California Supreme Court's *Venegas v. County of Los Angeles* decision, holding that sheriffs were state officials.

*Smith v. County of Los Angeles*, 2008 WL 458720 (C.D.Cal.) (Opinion by District Judge Dean D. Pregerson).

***********ALL FOR ADC 910
#0668 1213 8873 4383# 2813 178
KERN COUNTY SHERIFFS FACILITY
PRE TRIAL LAW LIBRARY
17695 INDUSTRIAL FARM RD
BAKERSFIELD, CA 93308-9520

# FEDERAL APPENDIX

## Units of the National Reporter System

**MARCH 10, 2008**
514 F.3d No. 1                         Pages 1-1278

## ORDER OF CONTENTS
(Some Features Do Not Appear In All Issues)

* In This Issue Case Summaries . . . . . . . . . . . . . . . . . . ITI-1
Judicial Highlights . . . . . . . . . . . . . . . . . . . . . . . . . . JH-1
* Cases Reported . . . . . . . . . . . . . . . . . . . . . . . . . . . CR-1
ABA Standards for Criminal Justice . . . . . . . . . . . . SCJ-1
Words and Phrases . . . . . . . . . . . . . . . . . . . . . . . . W&P-1
* Key Number Digest . . . . . . . . . . . . . . . . . . . . . . . DIG-1
United States Supreme Court Table of
    Dispositions . . . . . . . . . . . . . . . . . . . . . . . . . . Table 1-1
Opinions Withdrawn From Bound Volume . . . Table 2-1
Court Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . Ct.R-1

\* *Features applicable for Federal Appendix*

The Federal Appendix contains cases not selected for publication in the Federal Reporter.

WEST
620 OPPERMAN DRIVE
P.O. BOX 64779
SAINT PAUL, MN  55164-0779

946    947                      COUNTY FACILITIES                      § 4007

Penal

Refusal to receive person accused of crime, penalty, see Penal Code § 142.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.
3 Witkin Cal. Crim. L. 3d Punishment § 19, (S 19) Temporary Release.

**§ 4004.5. City facilities; prisoners held for examination or during trial; prisoners transferred from county jails due to crowded conditions**

(a) A city may furnish facilities to be used for holding prisoners held for examination or during trial without cost to the county or upon such terms as may be agreed upon by the governing body of the city and the board of supervisors, and the marshal may keep the prisoners in their custody in the city jail.

(b) A city may furnish facilities to be used for holding persons convicted of a public offense who have been transferred from the county jail by the sheriff due to crowded conditions upon those terms as may be agreed upon by the governing body of the city and the board of supervisors. The agreed terms may indicate that the facilities are to be provided free of charge to the county. (Added by Stats.1953, c. 1762, p. 3520, § 1. Amended by Stats.1984, c. 388, § 2; Stats.1996, c. 872 (A.B.3472), § 123.)

**Cross References**

County jail confinement as authorizing city jail confinement in certain cases, see Penal Code § 4022.

**§ 4005. Prisoners of United States**

(a) Except as provided in subdivision (b), the sheriff shall receive, and keep in the county jail, any prisoner committed thereto by process or order issued under the authority of the United States, until he or she is discharged according to law, as if he or she had been committed under process issued under the authority of this state; provision being made by the United States for the support of the prisoner.

(b) The sheriff shall receive, and keep in the county jail, any prisoner committed thereto by process or order issued under the authority of the United States, until he or she is discharged according to law, as if he or she had been committed under process issued under the authority of this state, but only if the sheriff determines that adequate space in appropriate detention areas currently exists for this purpose. Provision shall be made by the United States for the support of the prisoner. This subdivision shall apply only in counties where a facility operated by the United States Bureau of Prisons exists within 200 miles of the county seat. (Added by Stats.1941, c. 106, p. 1120, § 15. Amended by Stats.1980, c. 47, § 1; Stats.1982, c. 2, § 1, eff. Jan. 20, 1982; Stats.1986, c. 523, § 1, eff. July 24, 1986.)

**Cross References**

Jails, purposes, see Penal Code § 4000.
Receipt of persons committed, see Penal Code §§ 4015, 4016.
Refusal by sheriff to accept prisoner, punishment for, see Penal Code § 142.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4006. Prisoners of United States; safekeeping**

A sheriff, to whose custody a prisoner is committed as provided in the last section, is answerable for his safekeeping in the courts of the United States, according to the laws thereof. (Added by Stats.1941, c. 106, p. 1120, § 15.)

**Cross References**

Escapes,
    Generally, see Penal Code § 4530 et.seq.
    Hospitalized misdemeanant, see Penal Code § 4011.7.
Jails, purposes, see Penal Code § 4000.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4006.5. County or city contracts with federal government for operation of federal prisons**

(a) Notwithstanding any other provision of law, a county board of supervisors or city council may enter into a contract with the federal government, or any department or agency thereof, to manage, control, and operate a federal prison located within the boundaries of that county or city.

(b) If a city or county enters into a contract pursuant to subdivision (a), the sheriff or chief of police, as appropriate, shall have sole and exclusive authority to keep the prison and the prisoners in it.

(c) If a city or county enters into a contract pursuant to subdivision (a), the employees working in the prison shall be employees of, and under the authority of, the sheriff or chief of police, as appropriate. (Added by Stats.1997, c. 468 (A.B.500), § 1.)

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4007. Use of jail in contiguous county; transfer of prisoner to state prison; grounds; notification of director of corrections; hearing; order**

When there is no jail in the county, or when the jail becomes unfit or unsafe for the confinement of prisoners, the judge of the superior court may, by a written order filed with the clerk of the court, designate the jail of a contiguous county for the confinement of any prisoner of his or her county, and may at any time modify or vacate the order.

When there are reasonable grounds to believe that a prisoner may be forcibly removed from a county jail, the sheriff may remove the prisoner to any California state prison for safekeeping and it is the duty of the warden of the prison to accept and detain the prisoner in his or her custody until his or her removal is ordered by the superior court of the county from which he or she was delivered. Immediately upon receiving the prisoner the warden shall advise the Director of Corrections of that fact in writing.

When a county prisoner requires medical treatment necessitating hospitalization which cannot be provided at the county jail or county hospital because of lack of adequate detention facilities, and when the prisoner also presents a serious custodial problem because of his or her past or present behavior, the judge of the superior court may, on the request of the county sheriff and with the consent of the Director of Corrections, designate by written order the nearest state prison or correctional facility which would be able to provide the necessary medical treatment and secure confinement of the prisoner. The written order of the judge shall be filed with the clerk of the court. The court shall immediately calendar the matter for a hearing to determine whether the order shall continue or be rescinded. The hearing shall be held within 48 hours of the initial order or the next judicial day, whichever occurs later. The prisoner shall not be transferred to the state prison or correctional facility prior to the hearing, except upon a determination by the physician responsible for the prisoner's health care that a medical emergency exists which requires the transfer of the prisoner to the state prison or correctional facility prior to the hearing. The prisoner shall be entitled to be present at the hearing and to be represented by counsel. The prisoner may waive his or her right to this hearing in writing at any time. If the prisoner waives his or her right to the hearing, the county sheriff shall notify the prisoner's attorney of the transfer within 48 hours, or the next business day, whichever is later. The court may modify or vacate the order at any time.

The rate of compensation for the prisoner's medical treatment and confinement within a California state prison or correctional facility shall be established by the Department of Corrections, and shall be charged against the county making the request.

952

University of
ation and the
ediately upon
alth Care and
The working
e California
ornia, and six
iation and the
ization should
g members of
t three times
t create fiscal
e health care,
including, but
re and later
being able to
icies. To the
result in a
patients being
the working
t is required

encourage a
arrangements
public agency
e to local law

er emergency
police chief,
ents for that
e established
e chief shall
their depart-
the provider's
whether the

le and allow-
t 413 of Title
l Centers for
ers 15.1 and

in which the
r administra-
pursuant to
on who may
e facilities he

. (Added by
.2006, c. 303

al Care.

tagious dis-

ut in or near
is liable to
ge may, by a
ent place in
lace of their
office of the
remove the
onfine them
ch they were

---

## COUNTY FACILITIES

taken. (Added by Stats.1941, c. 106, p. 1121, § 15. Amended by Stats.2002, c. 784 (S.B.1316), § 566.)

**Law Revision Commission Comments**

Section 4012 is amended to reflect elimination of the county clerk's role as ex officio clerk of the superior court. See former Gov't Code § 26800 (county clerk acting as clerk of superior court). The powers, duties, and responsibilities formerly exercised by the county clerk as ex officio clerk of the court are delegated to the court administrative or executive officer, and the county clerk is relieved of those powers, duties, and responsibilities. See Gov't Code §§ 69840 (powers, duties, and responsibilities of clerk of court and deputy clerk of court), 71620 (trial court personnel). [32 Cal.L.Rev.Comm. Reports 511 (2002)].

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 22, (S 22) Medical Care.

**§ 4013. Delivery of papers in a judicial proceeding to incarcerated persons**

(a) A sheriff or jailer upon whom a paper in a judicial proceeding, directed to a prisoner in his or her custody, is served, shall forthwith deliver it to the prisoner, with a note thereon of the time of its service. For a neglect to do so, he or she is liable to the prisoner for all damages occasioned thereby.

(b) Service directed to a person who is incarcerated within any institution in this state may be served by any person who may lawfully serve process. (Added by Stats.1941, c. 106, p. 1122, § 15. Amended by Stats.2005, c. 300 (A.B.496), § 8.)

**§ 4014. Temporary guard; employment; expense**

The sheriff, when necessary, may, with the assent in writing of the county judge, or in a city, of the mayor thereof, employ a temporary guard for the protection of the county jail, or for the safekeeping of prisoners, the expenses of which are a county charge. (Added by Stats.1941, c. 106, p. 1122, § 15.)

**Cross References**

City facilities for prisoners, see Penal Code § 4004.5.
County charges,
  Generally, see Government Code § 29600 et seq.
  Sheriff's expenses as, see Government Code § 29601.
Sheriff, see Government Code § 26600 et seq.
Support of prisoners, expenses for, see Government Code § 29602.

**§ 4015. Receipt of persons committed; food, clothing and bedding; standards; expense; costs of medical care**

(a) The sheriff shall receive all persons committed to jail by competent authority. The board of supervisors shall provide the sheriff with necessary food, clothing, and bedding, for those prisoners, which shall be of a quality and quantity at least equal to the minimum standards and requirements prescribed by the Board of Corrections for the feeding, clothing, and care of prisoners in all county, city and other local jails and detention facilities. Except as provided in Section 4016, the expenses thereof shall be paid out of the county treasury.

(b) Nothing in this section shall be construed in a manner that would require the sheriff to receive a person who is in need of immediate medical care until the person has been transported to a hospital or medical facility so that his or her medical needs can be addressed prior to booking into county jail.

(c) Nothing in this section shall be construed or interpreted in a manner that would impose upon a city or its law enforcement agency any obligation to pay the cost of medical services rendered to any individual in need of immediate medical care who has been arrested by city law enforcement personnel and transported to a hospital or medical facility prior to being delivered to and received at the county jail or other detention facility for booking.

(d) It is the intent of the Legislature in enacting the act adding this subdivision to ensure that the costs associated with providing medical care to an arrested person are borne by the

---

arrested person's private medical insurance or any other source of medical cost coverage for which the arrested person is eligible. (Added by Stats.1941, c. 106, p. 1122, § 15. Amended by Stats.1947, c. 1080, p. 2493, § 1; Stats.1987, c. 828, § 133; Stats.1992, c. 697 (S.B.1559), § 12; Stats.1992, c. 1369 (A.B. 3027), § 6, eff. Oct. 27, 1992, operative Jan. 1, 1993.)

**Cross References**

County charges, see Government Code § 29600 et seq.
Expenses for support of prisoners as county charges, see Government Code § 29602.
Inspection by advisory committee for adult detention facilities, see Penal Code § 4305.
Joint county jail, standards, see Penal Code § 4062.
Medical costs of prisoners, see Penal Code § 4011.
Provisions for food, clothing, and bedding, in state prisons, see Penal Code § 2084.
Receiving federal prisoners, see Penal Code § 4005.
Refusal by sheriff to accept prisoner, punishment for, see Penal Code § 142.
Sheriff, see Government Code § 26600 et seq.
Uses of county jails, see Penal Code § 4000.

**Research References**

3 Witkin Cal. Crim. L. 3d Punishment § 16, Nature of Confinement.

**§ 4016. Receipt of persons committed; civil process; sheriff's right to demand bond or deposit for expense; exception**

Whenever a person is committed upon process in a civil action or proceeding, except when the people of this State are a party thereto, the sheriff is not bound to receive such person, unless security is given on the part of the party at whose instance the process is issued, by a deposit of money, to meet the expenses for him of necessary food, clothing, and bedding, or to detain such person any longer than these expenses are provided for. This section does not apply to cases where a party is committed as a punishment for disobedience to the mandates, process, writs, or orders of court. (Added by Stats.1941, c. 106, p. 1122, § 15.)

**Cross References**

Contempts, civil, see Code of Civil Procedure § 1209 et seq.
Imprisonment for civil contempt, see Code of Civil Procedure § 1218.
Prisoners under civil process to be separated from criminals, see Penal Code § 4001.

**§ 4016.5. Reimbursement of counties; parolee and prisoner detention; parole revocation proceedings; conditions; determination and use of reimbursement**

A city or county shall be reimbursed by the Department of Corrections and Rehabilitation for costs incurred resulting from the detention of a state prisoner, a person sentenced or referred to the state prison, or a parolee and from parole revocation proceedings when the detention meets any of the following conditions:

(a) The detention relates to a violation of the conditions of parole or the rules and regulations of the * * * Secretary of the Department of Corrections and Rehabilitation and does not relate to a new criminal charge.

(b) The detention is pursuant to (1) an order of the Board of * * * Parole Hearings under the authority granted by Section 3060, or (2) an order of the Governor under the authority granted by Section 3062 or (3) an exercise of a state parole or correctional officer's peace officer powers as specified in Section 830.5.

(c) Security services and facilities are provided for hearings which are conducted by the Board of * * * Parole Hearings to revoke parole.

(d) The detention results from a new commitment, or a referral pursuant to Section 1203.03, once the abstract of judgment has been completed, the department's intake control unit has been notified by the county that the prisoner is ready to be transported pursuant to Section 1216, and the department is

PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age.a
resident of the State of California and a party/not aparty (mark
one out) to the within cause of action. That on this date Idid
cause a true and correct copy of *Civil rights complain under 42 U.S.C §1983*
to be served on the parties to the action by:

____X____ depositing same in the U.S Mail with first class
postage prepaid and addressed as follows:

_____ delivering same in person to the address as follows
and placing into the cotrol of the below listed
party or their representative;

Clerk of U.S District court Room 4290
880 Front street
San DieGo CAL. 92101-8900

EXECUTED THIS __3__ DAY OF __July__, 200 __8__, UNDER
PENALTY OF PERJURY
IN __Bakersfield__, CALIFORNIA.

Mario Suchil

Declarant

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS

FILING FEE PAID
Yes    No

IFP MOTION FILED
Yes    No

COPIES SENT TO:

FILED
JUL - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

**Mario Suchil**

Newton Station, et al

(b) COUNTY OF RESIDENCE OF FIRST LISTED    Kern
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Mario Suchil
PO Box 608
Tehachapi, CA 93581
F-96910**

ATTORNEYS (IF KNOWN)

'08 CV 1232 J WMc

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 42 U.S.C. 1983

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act |  |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property |  |  |  |  | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE                      Docket Number

DATE    7/9/2008

SIGNATURE OF ATTORNEY OF RECORD