RETURNED MAIL
L.R. 83.3.e requires prompt notification to the court of any change of address. 8/27/08

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:08-cv-01232-J-WMC
### Internal Use Only

Suchil v. Newton Station et al
Assigned to: Judge Napoleon A. Jones, Jr
Referred to: Magistrate Judge William McCurine, Jr
Demand: $5,500,000
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 07/09/2008
Date Terminated: 08/04/2008
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Mario Suchil**   represented by   **Mario Suchil**
F-96910
California Correctional Institution
PO Box 608
Tehachapi, CA 93581
PRO SE

V.

**Defendant**

**Newton Station**

**Defendant**

**Judges, .**

**Defendant**

**Lee Baca**
*Sheriff*

**Defendant**

**Operation Safety Jail**

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 08/04/2008 | 4 | Case transferred to the Central District of California, Western Division. Files transferred electronically to: *Central District of California, Western Division**312 North Spring Street, Room G-8**Los Angeles, CA 90012*. Signed by Judge Napoleon A. Jones, Jr on 8/1/2008. (All non-registered users served via U.S. Mail Service).(rmm) (Additional attachment(s) added on |

| | | |
|---|---|---|
| | | 8/6/2008: # 1 Order) (rmm). (Entered: 08/06/2008) |
| 07/09/2008 | 3 | Prisoner Trust Fund Account Statement by Mario Suchil. (rmm) (Entered: 07/10/2008) |
| 07/09/2008 | 2 | MOTION to Appoint Counsel by Mario Suchil. (rmm) (Entered: 07/10/2008) |
| 07/09/2008 | 1 | COMPLAINT against Newton Station, Judges, Lee Baca, Operation Safety Jail (Filing fee $ 0. No fee paid, submitted without IFP motion), filed by Mario Suchil.(rmm) (kaj). (Entered: 07/10/2008) |

# UNITED STATES DISTRICT COURT

### Southern District of California

Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.,
Clerk of Court

August 6, 2008

Clerk, U.S. District Court
Central District of California, Western Division
312 North Spring Street, Room G-8
Los Angeles, CA 90012

Re: Mario Suchil v. Newton Station, et al., Case No. 3:08-cv-01232-J-WMC

Dear Sir or Madam:

Pursuant to Order transferring the above-entitled action to your District, we are electronically transmitting herewith our entire original file.

        Sincerely yours,

        W. Samuel Hamrick, Jr.,
        Clerk of the Court

        By: s/ R. Mullin, Deputy Clerk

Copy to Attorney for Plaintiffs:
Copy to Attorney for Defendants:

FILED

2008 AUG -4 PM 2: 19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SUCHIL, CDCR #F-96910,<br><br>Plaintiff,<br><br>vs.<br><br>NEWTON STATION; UNNAMED JUDGES; Los Angeles County Superior Court; LEE BACA, Los Angeles County Sheriff; LOS ANGELES COUNTY JAIL,<br><br>Defendants. | Civil No.  08-1232 J (WMc)<br><br>ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION PURSUANT TO 28 U.S.C. § 84(c)(2), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a) |

Plaintiff, Mario Suchil, a state inmate currently incarcerated at the California Correctional Institution located in Tehachapi, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated while he was housed at the Los Angeles County Jail in 2007. (*See* Compl. at 1.) In addition, Plaintiff has filed a Motion to Appoint Counsel [Doc. No. 2], and a Prisoner Trust Fund Account Statement [Doc. No. 3].

I.      **Lack of Proper Venue**

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486,

1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations originally arising out of events which occurred in the Los Angeles County Jail, which is located in Los Angeles County. No Defendants are alleged to reside in San Diego or Imperial Counties. Therefore, venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 84(c)(2), not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.   Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(3), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: 8-1-08

HON. NAPOLEON A. JONES, Jr.
United States District Judge

---

[1] Because the Court finds transfer appropriate, it expresses no opinion and defers ruling on Plaintiff's pending Motion for Appointment of Counsel to the Judge assigned to this case after its transfer to the Central District of California. The Court does take judicial notice, however, that this action appears duplicative of another recently filed by Plaintiff, which has also been transferred to the Central District for lack of proper venue. *See Suchil v. Newton Station, et al.*, S.D. Cal. Civil Case No. 08-1091 JAH (CAB) (June 26, 2008 Order of Transfer), assigned as C.D. Cal. Civil Case No. CV08-4353 (VBK) (June 30, 2008).

